IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC DRAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-03120-S (BT) |
| | § | |
| SAFEWAY, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are *pro se* Plaintiff Eric Drake's ("Drake") Motion for Nonsuit (ECF No. 20), Defendants Alle Processing Corporation ("Alle") and Maspeth Kosher Food, LLC's ("Maspeth") Motion for Entry of Dismissal With Prejudice and Supplemental Motion for Entry of Dismissal With Prejudice (ECF Nos. 22 & 27), and Defendants Safeway, Inc. ("Safeway") and Sedgwick Claims Management Services, Inc.'s ("Sedgwick") Motion for Entry of Final Order Dismissing Plaintiff's Claims With Prejudice (ECF No. 24). For the reasons stated, the district court should treat Drake's Motion for Nonsuit as a notice of voluntary dismissal and direct the Clerk of Court to administratively close this case, terminate Alle and Maspeth's Motion for Entry of Dismissal With Prejudice and Supplemental Motion for Entry of Dismissal With Prejudice as moot, and terminate Safeway and Sedgwick's Motion for Entry of Final Order Dismissing Plaintiff's Claims With Prejudice as moot.

1

## Background

On July 2, 2018, Drake filed a lawsuit in the Western District of Tennessee (the "Tennessee Lawsuit") against Safeway, Cerberus Capital Management ("Cerberus"), Sedgwick, A & L Foods ("A & L"), Alle, and Maspeth (collectively, "Defendants"). Alle & Maspeth Mot., Ex. A, 1-38 (ECF No. 22-1). While the Tennessee Lawsuit was still pending, Drake filed the present lawsuit against Defendants in the Western District of Oklahoma (the "Oklahoma Lawsuit") on July 16, 2018. *See* Pl.'s Compl. 1 (ECF No. 1). Then, Drake filed a motion for nonsuit under Federal Rule of Civil Procedure 4 in the Tennessee Lawsuit on July 25, 2018, and the Tennessee court entered an order of dismissal without prejudice. Alle & Maspeth Mot., Ex. B (ECF No. 22-2); Order of Dismissal, *Drake v. Sedgwick Claims Mgmt. Servs.*, No. 2:18-cv-02453 (W.D. Tenn.).

The court in the Oklahoma Lawsuit transferred the case to the Northern District of Texas on November 27, 2018. Order of Transfer (ECF No. 16). Upon transfer, the Oklahoma Lawsuit became the above-styled and numbered cause. Shortly after the transfer, Drake filed his motion for nonsuit asking the Court to dismiss his complaint without prejudice to refiling pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Pl.'s Mot. 2. Alle and Maspeth filed their motion for entry of an order of dismissal with prejudice on December 12, 2018. Safeway and Sedgwick filed their motion for entry of an order of dismissal with prejudice on December 21, 2018. Then, on January 2, 2019, Drake filed an additional

correspondence regarding his nonsuit with an attached proposed order. Pl.'s Notice 1-2 (ECF No. 25).

On January 3, 2019, Drake filed an allegedly identical lawsuit—now for the third time—against the same parties in the Northern District of California (the "California Lawsuit"). Alle & Maspeth Supp. Mot., Ex. A., 1-38. That court issued a show cause order requiring Drake to explain why a personal injury case occurring in Dallas County, Texas, was properly brought in a federal court in Oakland, California. Alle & Maspeth Supp. Mot., Ex. B., 1-3. On January 17, 2019, Drake filed a partial motion for nonsuit in the California Lawsuit, dismissing A & L, Alle, and Maspeth. Alle & Maspeth Supp. Mot., Ex. C., 1-2. Alle and Maspeth filed a supplement to their motion on March 5, 2019, informing the Court of the California Lawsuit.

## **Legal Standard**

A plaintiff may voluntarily dismiss an action (1) by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment or (2) by filing a joint stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). In general, a plaintiff may dismiss a suit under Rule 41(a)(1) as a matter of right, and such dismissal "results in immediate termination of the suit." *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 719 (5th Cir. 2010) (quoting *Harvey Specialty & Supply, Inc. v. Anson Flowline*, 434 F.3d 320, 324 (5th Cir. 2005)). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). However, if a

plaintiff has previously dismissed any action in state or federal court based on the same claim, a subsequent "notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is known as the "two-dismissal rule." 9 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2368 (3d ed.); *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218 (5th Cir. 2014) (per curiam). Under the two-dismissal rule, a notice of dismissal in the second-filed case "acts as a final judgment *on the merits* under Rule 41." *Cabot Golf*, 575 F. App'x at 218 (emphasis in original).

## Analysis

Drake has filed a document titled "Motion for Nonsuit," in which he plainly states that he wishes to dismiss all of his claims against all Defendants without prejudice, and he cites Rule 41(a)(1) as authority for his ability to dismiss his claims. As an initial matter, the Court notes that other courts typically treat a motion for nonsuit as a notice of voluntary dismissal and analyze it pursuant to Rule 41(a). *See, e.g.*, *Slocum v. Livington*, 2012 WL 2088953, at *13, *16 (S.D. Tex. June 8, 2012); *see also Meek v. Wells Fargo Bank, N.A.*, 2015 WL 4637816, at *2 (W.D. Tex. Aug. 3, 2015). Thus, the Court may properly consider Drake's "Motion" as a notice of voluntary dismissal under Rule 41. Because Drake voluntarily dismissed this lawsuit before any Defendant filed an answer or motion for summary judgment, his voluntary dismissal was effective upon filing. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a timely, voluntary dismissal is

4

"immediately self-effectuating" and that "the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself"). And as stated, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Drake seeks a dismissal without prejudice, so his notice of dismissal does not "state otherwise" under Rule 41(a)(1)(B). Pl.'s Mot. 1, ¶ 2.

Alle, Maspeth, Safeway, and Sedgwick argue that although Drake seeks a dismissal without prejudice to refiling, the district court should dismiss his lawsuit with prejudice under the two-dismissal rule. However, the two-dismissal rule does not require the Court to dismiss the second-filed action with prejudice; rather, it operates to bar a third lawsuit upon a determination that the second-filed action was based on or included the same claims as the first-filed action. Fed. R. Civ. P. 41(a)(1)(B); *Mireskandari v. Casey*, 2018 WL 3993547, at *2 (S.D. Tex. Aug. 21, 2018) ("A plaintiff has two voluntary dismissal bites at the apple, but not three."). Indeed, some courts have determined that once a plaintiff voluntarily dismisses a suit for the second time, the dismissing court is without authority to rule at the defendant's request on whether the dismissal is with or without prejudice. *Rozelle v. Lowe*, 2016 WL 7228768, at *7 (W.D. Tex. Dec. 13, 2016); *Mireskandari*, 2018 WL 3993547, at *2 (quoting *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999)) ("Whether the second voluntary dismissal is subject to the two-dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe . . . only in a third action, if and when one is filed.") (internal quotation marks and brackets omitted). The present suit is

5

Drake's second attempt at bringing these claims, and while this second, voluntary dismissal may, in a subsequent suit, "*operate*[] as a dismissal with prejudice," *Shaver v. Barret Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265, 275 (5th Cir. 2014) (per curiam) (emphasis added), the court in the California Lawsuit—or another subsequent court—is the proper court to determine the effect of Drake's second, voluntary dismissal. Thus, because this lawsuit terminated upon the filing of Drake's voluntary dismissal, the moving Defendants' motions are moot, and the Court should direct the Clerk of Court to administratively close this case.

Despite this result, the Court cannot ignore that Drake's complaints in the Tennessee Lawsuit and the present lawsuit are identical documents—page-for-page and word-for-word. The complaints name the same defendants, describe the same underlying set of facts, and allege the same 14 "counts." Alle & Maspeth Mot., Ex. A, 1-38; *compare* Pl.'s Compl. 1-38. Given the similarity of the two complaints the district court should issue a warning to Drake, a *pro se* litigant, that any subsequent filing of a similar complaint could be subject to a determination that Drake's voluntary dismissal in this lawsuit operated as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B).

## Recommendation

For the reasons stated above, the district court should: (1) treat Plaintiff Eric Drake's Motion for Nonsuit (ECF No. 20) as a notice of voluntary dismissal and direct the Clerk of Court to administratively close this case; (2) terminate as moot Defendants Alle Processing Corporation and Maspeth Kosher Food, LLC's Motion

and Supplemental Motion for Entry of Dismissal With Prejudice (ECF Nos. 22 & 27); (3) terminate as moot Defendants Safeway, Inc. and Sedgwick Claims Management Services, Inc.'s Motion for Entry of Final Order Dismissing Plaintiff's Claims With Prejudice (ECF No. 24); and (4) issue warning to Drake, who has proceeded *pro se* in all related lawsuits, that lawsuits filed subsequent to this lawsuit may result in a finding that his second, voluntary dismissal operates as an adjudication on the merits.

**SO RECOMMENDED**.

April 3, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).